Bart H. Williams (SBN 134009)
Jennifer L. Roche (SBN 254538)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
T: (310) 557-2900
F: (310) 557-2193
bwilliams@proskauer.com
jroche@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
T: (212) 969-3000
F: (212)969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com

*Admitted *Pro Hac Vice*

*Attorneys for Defendant Church & Dwight, Co., Inc.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

SHARI VANCE, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CHURCH & DWIGHT CO., INC.,

Defendant.

Case No. 2:22-cv-00044-MCE-KJN

**DEFENDANT CHURCH & DWIGHT CO., INC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Hon. Morrison C. England, Jr.

Courtroom 7

Date: July 21, 2022

Time: 2:00 pm

## TABLE OF CONTENTS

**I. PRELIMINARY STATEMENT ........ 1**

**II. STATEMENT OF FACTS ........ 4**

A. The Zicam Products, Plaintiff's Purported Experience with One of Them, and Plaintiff's Lawsuit ........ 4

B. Plaintiff Relies Heavily on Studies and Statements About *Non*-Zicam Products, Which Actually Contradict Her Claims ........ 5

C. Plaintiff Mischaracterizes this Court's Decision in *Melgar v. Zicam* ........ 7

**III. ARGUMENT ........ 8**

A. The FAC Should Be Dismissed under Rule 12(b)(6) ........ 8

1. Rule 12(b)(6) Standard ........ 8

2. Plaintiff's Lack-of-Substantiation Claims Fail as a Matter of Law ........ 9

i. Plaintiff's Anecdotal Personal Experience Does Not (And Cannot) Support a Plausible Inference that the Zicam Cold Reduction Statements are False ........ 10

ii. Allegations About Non-Zicam Products Do Not Support a Plausible Inference that the Zicam Cold Reduction Statements are False ........ 11

iii. Plaintiff's Reliance on a Daubert Ruling in Melgar v. Zicam Does Not Support A Plausible Allegation that the Zicam Cold Reduction Statements are False ........ 13

iv. Plaintiff's Failure to State a Claim Cannot be Rectified Through Further Amendment, So The FAC Should be Dismissed With Prejudice ........ 16

3. The FAC Also Fails to State a Claim for Equitable Relief ........ 17

B. The FAC Should Be Dismissed under Rule 12(b)(1) ........ 18

1. Rule 12(b)(1) Standard ........ 18

2. Plaintiff Lacks Standing to Sue Under the Laws of States Other Than California ........ 18

3. Plaintiff Lacks Standing to Seek Injunctive Relief ........ 19

**IV. CONCLUSION ........ 20**

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aloudi v. Intramedic Rsch. Grp., LLC*,
2015 WL 4148381 (N.D. Cal. July 9, 2015) .......... 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 8, 9, 10

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) .......... 8

*Bates v. UPS*,
511 F.3d 974 (9th Cir. 2007) .......... 18

*Bell Atl. v. Twombly*,
550 U.S. 544 (2007) .......... 8

*Bronson v. Johnson & Johnson, Inc.*,
2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) .......... 14, 15

*Brooks v. Y.Y.G.M. SA*,
2021 WL 5450232 (E.D. Cal., Nov. 22, 2021) .......... 7

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .......... 16

*Chavez v. Nestle USA, Inc.*
511 F. App'x 606 (9th Cir. 2013) .......... 12

*Cimoli v. Alacer Corp.*,
2021 WL 2711770 (N.D. Cal. July 1, 2021) .......... 19

*Clevenger v. Welch Foods, Inc.*,
501 F. Supp. 3d 875 (C.D. Cal. 2020) .......... 19

*Cohen v. Ainsworth Pet Nutrition, LLC*,
2021 U.S. Dist. LEXIS 15923 (C.D. Cal. Jan. 21, 2021) .......... 14

*Dabish v. MusclePharm Corp.*,
2016 U.S. Dist. LEXIS 191885 (S.D. Cal. Sep. 26, 2016) .......... 11

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......... 19

*Eckler v. Wal-Mart Stores, Inc.*,
2012 WL 5382218 (S.D. Cal. Nov. 1, 2012) .......... 10, 11

*Eclectic Props. E. v. Marcus & Millichap*,
751 F.3d 990 (9th Cir. 2014) .......... 9

*Engel v. Novex Biotech LLC*,
2015 WL 846777 (N.D. Cal. Feb. 25, 2015), *aff'd*, 689 F. App'x 510 (9th Cir. 2017) .......... 11

*Friends of the Earth v. Laidlaw Env't. Servs. (TOC)*,
528 U.S. 167 (2000) .......... 18

*Housey v. Procter & Gamble Co.*,
2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) .......... 12

*In re MacBook Keyboard Litigation*,
2020 WL 6047253 (N.D. Cal., Oct. 13, 2020) .......... 17

*Kardovich v. Pfizer, Inc.*,
97 F. Supp. 3d 131 (S.D.N.Y. 2015) .......... 16

*Kearns v. Ford Motor*,
567 F.3d 1120 (9th Cir. 2009) .......... 9

*Kwan v. Sanmedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) .......... 1, 9, 11

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) .......... 18

*Melgar v. Zicam LLC*,
2:14-cv-00160, Dkt. 201 (E.D. Cal.) .......... 8

*Melgar v. Zicam LLC*,
2:14-cv-00160 (E.D. Cal.) .......... 2, 15

*Melgar v. Zicam LLC*,
2016 WL 1267870 (E.D. Cal. Mar. 30, 2016) .......... 7, 8, 15

*Morales v. Unilever U.S., Inc.*,
2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) .......... 19

*Nationwide Biweekly Administration, Inc. v. Superior Court of Alameda Cnty.*,
9 Cal.5th 279 (2020) .......... 18

*Otto v. Abbott Laboratories, Inc.*,
2013 WL 12132064 (C.D. Cal. Mar. 15, 2013), *aff'd*, 706 F. App'x 349 (9th Cir. 2017) .......... 11, 12, 14

*Philips v. Ford Motor Co.*,
726 F. App'x 608 (9th Cir. 2018) .......... 17

*Quynh Phan v. Sargento Foods, Inc.*,
2021 WL 2224260 (N.D. Cal. June 2, 2021) .......... 19

*Racies v. Quincy Bioscience LLC*,
2015 WL 2398268 (N.D. Cal. May 19, 2015) .......... 11-12

*Rahman v. Mott's LLP*,
2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) .......... 19

*Route v. Mead Johnson Nutrition Co.*,
2013 WL 658251 (C.D. Cal. Feb. 21, 2013) .......... 7, 16

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 17-18

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) .......... 12

*Strategic Partners, Inc. v. FIGS, Inc.*,
2019 WL 12435672 (C.D. Cal. Aug. 19, 2019) .......... 16

*Tubbs v. AdvoCare Int'l, LP*
2017 WL 4022397 (C.D. Cal. Sept. 12, 2017) .......... 10, 11

*Warren v. Fox Fam. Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) .......... 9

*Yacu v. All Am. Pharm. & Nat. Foods Inc.*,
2013 WL 12324400 (C.D. Cal. July 24, 2013) .......... 14

*Yamasaki v. Zicam LLC*,
2021 WL 4951435 (N.D. Cal. Oct. 25, 2021) .......... passim

Church & Dwight Co., Inc. ("Church & Dwight") submits this Memorandum of Points and Authorities in support of its motion to dismiss Plaintiff's First Amended Complaint ("FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. PRELIMINARY STATEMENT

Church & Dwight moved to dismiss Plaintiff's original Complaint because it failed to plausibly allege that the challenged Zicam advertising is false, rather than merely lacking substantiation. That distinction is key. As the previous motion explained, Ninth Circuit precedent, *Kwan v. Sanmedica Int'l*, 854 F.3d 1088 (9th Cir. 2017), precludes private plaintiffs from pursuing an action on the ground that an advertising statement is unsubstantiated. Plaintiff chose not to oppose Church & Dwight's motion and, instead, filed the FAC. But despite a few additions, the FAC still contains no facts that support a reasonable inference of falsity.

Courts in the Ninth Circuit consistently find allegations like those presented in the FAC insufficient to state a false advertising claim. Indeed, Judge Haywood Gilliam, Jr. of the Northern District of California recently dismissed a near-identical putative class action alleging that Zicam products, including those at issue here, are falsely advertised as being clinically proven to shorten colds. As Judge Gilliam explained, "[i]t is well settled that private litigants may not bring false advertising claims based on an alleged lack of substantiation." *Yamasaki v. Zicam LLC*, 2021 WL 4951435, at *4 (N.D. Cal. Oct. 25, 2021).[1] Like Plaintiff here, the plaintiff in *Yamasaki* insisted she was not bringing a lack-of-substantiation claim and cited studies of *non-Zicam* products in which those products supposedly were not shown to be effective at shortening colds. But the court dismissed the case because, like here, the complaint made no allegations supporting a plausible inference that it is false—not just unsubstantiated—to advertise that Zicam products shorten colds.

This Court should reach the same conclusion. Plaintiff alleges the zinc-based Zicam products in suit ("Zicam Products") are ineffective for their advertised purpose

[1] The plaintiff in *Yamasaki* did not appeal the complaint's dismissal.

principally based on two studies from more than twenty years ago. FAC ¶¶ 23-27. Plaintiff asks the Court to infer that *the Zicam Products* are ineffective because certain *non-Zicam* zinc lozenges allegedly were not found effective in the cited studies ("Non-Zicam Studies"). But it is settled law, not to mention common sense, that alleging there is testing in which *another company's products* did not perform as advertised does not support a plausible inference that *the defendant's products* do not perform as advertised. *See infra* § III.A.2.ii. As the Court is aware, whether a medicine or supplement works for its advertised purpose depends on many factors, including the formulation, the dosage, and the instructions for use. Speculating that Zicam Products do not work based on testing of different formulations and dosages violates the requirement to plead plausible facts that support Plaintiff's claims.

Indeed, the references Plaintiff herself cited in the FAC acknowledge that certain zinc products have been shown to shorten colds (*see infra* § II.B), confirming that Plaintiff cannot state a claim by pointing to testing of products from other companies with different formulations from the Zicam Products. The Zicam Products contain a combination of zincum aceticum and zincum gluconicum. FAC ¶ 13. Plaintiff does not (and cannot) allege that any of the Non-Zicam Studies she references tested a product that contains both those forms of zinc, let alone in similar dosages as contained in the Zicam Products. Thus, the Non-Zicam Studies cannot support Plaintiff's allegation that the Zicam Products fail to shorten colds or reduce cold symptom severity.

Plaintiff also alleges she used a Zicam Product and "did not obtain the advertised relief from cold symptoms." *Id.* ¶ 38. But that bare, conclusory allegation is entitled to no weight. Indeed, Ninth Circuit courts have rejected such anecdotal allegations as implausible and insufficient to state a claim for false advertising. *See infra* § III.A.2.i.

In the FAC, Plaintiff added a reference to this Court's decision denying Zicam's Daubert motion in *Melgar v. Zicam LLC*, 2:14-cv-00160 (E.D. Cal.). FAC ¶¶ 30-31. *Melgar* was brought eight years ago against the previous owners of Zicam, not Church

& Dwight, by the same counsel now representing Plaintiff.[2] Importantly, the *Melgar* complaint pre-dated the Ninth Circuit's seminal decision in *Kwan* that held a consumer cannot challenge a defendant's advertising on the ground it is unsubstantiated. Thus, the defendants in *Melgar* did not move to dismiss on that basis (or on any basis) and the Court had no opportunity to consider whether the allegations in *Melgar* stated a claim and, obviously, no opportunity to follow the holding of *Kwan*.

And contrary to what Plaintiff claims (FAC ¶¶ 30-31), the Court did *not* find Zicam's products are ineffective cold remedies. The Court's decision in *Melgar* denying Zicam's Daubert motion merely reflects that the purported experts retained by the plaintiff in that case presented opinions that, although subject to legitimate criticism, were not inadmissible under the rules of evidence. *See infra* § II.C. But alleging the scientific support for a defendant's advertising statement is flawed or inconclusive, as Plaintiff alleges in the FAC, does not support the inference that the challenged statement is *false*. *See infra* § III.A.2.iii. Indeed, in *Yamasaki*, the court rejected the argument that a supposed lack of "scientific consensus" about whether Zicam's products are effective means that Zicam's advertising is false. 2021 WL 4951435, at *5.

In sum, none of Plaintiff's purported bases for alleging "falsity" is plausible. Plaintiff can only speculate that Church & Dwight "lacks scientifically valid substantiation" for its advertising claims. FAC ¶ 32. Because *Kwan* leaves no doubt that consumers cannot base a lawsuit on a defendant's supposed lack of substantiation for its claims, the Court should dismiss the entire FAC for failure to state a claim.

Further amendments would be futile because Plaintiff is unable to make any factual allegations supporting a reasonable inference that the Zicam Products are ineffective. Indeed, Plaintiff's own sources acknowledge that zinc supplements have been shown to be effective cold remedies, including one that says the "evidence suggests that if zinc lozenges or syrup is taken within 24 hours after cold symptoms

---

[2] Church & Dwight acquired Zicam in late 2020. *See* FAC ¶ 8.

start"—as the Zicam Products' labels prominently instruct—"the supplement can help shorten the length of colds." Thus, the Court should dismiss the FAC with prejudice.

## II. STATEMENT OF FACTS

### A. The Zicam Products, Plaintiff's Purported Experience with One of Them, and Plaintiff's Lawsuit

Church & Dwight markets the Zicam Products for shortening colds and reducing the severity of cold symptoms. FAC ¶ 2. The products' labels prominently tell consumers to "TAKE AT THE FIRST SIGN OF A COLD." *Id.* ¶ 16.

Plaintiff alleges she bought Zicam RapidMelts in "approximately mid-June or early July 2021" from a "Right-Aid [sic] store in or near Roseville, California." *Id.* ¶ 35. She alleges she bought the product based on label statements that conveyed to her that the product "would reduce the duration or severity of colds" ("Zicam Cold Reduction Statements"). *Id.* ¶ 37.[3]

Plaintiff claims she "used the entire package of Zicam RapidMelts® as directed but did not obtain the advertised relief from cold symptoms, nor any benefits, from using the product." *Id.* ¶ 38. Plaintiff does not explain how she knows she had a "cold" (as opposed to COVID, allergies, or some other affliction), does not say how long her "cold" lasted, does not state how long her "cold" would have lasted had she not taken the Zicam product, and does not explain why she believes that Zicam RapidMelts provided her no cold relief benefits. Plaintiff claims she now believes the Zicam Cold Reduction Statements are false because, according to her, the Zicam Products are "no more effective than a placebo." *Id.* ¶¶ 32-33, 40. Still, Plaintiff alleges she might buy the Zicam Products in the future if the products were "improved" such that they can reduce the duration or severity of colds. *Id.* ¶ 41.

[3] Plaintiff does not specify whether she bought Zicam *Original* RapidMelts, Zicam *Ultra* RapidMelts, or Zicam *Elderberry Citrus* RapidMelts. Plaintiff also does not allege she bought any of the other Zicam Products: Zicam Oral Mist, Zicam Wild Cherry Lozenges, Zicam Medicated Fruit Drops, and Zicam Elderberry Medicated Fruit Drops. Plaintiff alleges, though, that these products are "substantially similar" in that they contain the active ingredients zincum aceticum and zincum gluconicum. *Id.* ¶ 13.

Based on these allegations, Plaintiff sued Church & Dwight, which bought Zicam in 2020. Plaintiff asserts nine causes of action on behalf of putative classes of certain purchasers of the Zicam Products. On behalf of consumers from California, Delaware, the District of Columbia, Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia (*id.* ¶ 44), Plaintiff asserts counts for alleged breaches of express warranty (Count I), implied warranty of merchantability (Count II), and implied warranty for a particular purpose (Count III), and for unjust enrichment (Count IX). On behalf of consumers from California only, Plaintiff asserts counts for violations of California's CLRA (Count IV), FAL (Count V), and UCL (Counts VI-VIII). In addition to seeking monetary damages, Plaintiff seeks equitable monetary relief and injunctive relief.

### B. Plaintiff Relies Heavily on Studies and Statements About *Non*-Zicam Products, Which Actually Contradict Her Claims

As noted, Plaintiff asserts that the Zicam Products are "no more effective than a placebo." *Id.* ¶¶ 32, 33, 40. Yet Plaintiff alleges no facts that support that conclusion. Plaintiff asks the Court to infer the Zicam Products are ineffective from allegations she makes about the Non-Zicam Studies, but *none of those studies involved a Zicam Product or a product with the same zinc acetate/zinc gluconate formulation*.

Plaintiff cites the "Caruso Review," in which the authors allegedly "conducted a structured review of studies that examined the efficacy of zinc lozenges, nasal sprays, and nasal gels as treatment for the common cold." *Id.* ¶ 23.[4] Supposedly, only two of the studies "met all eleven criteria [set by the authors] for a valid experimental design." *Id.* ¶ 25. Those two studies are the Non-Zicam Studies that Plaintiff calls the "Macknin Study" (published in 1997) and the "Turner Study" (published in 2000). *Id.*[5]

Even if the Court were to accept Plaintiff's description of these studies of *non-Zicam* products at face value, they do not support an inference that the Zicam Products

[4] The Caruso Review, conducted in 2007, only looked at published studies and did not assess proprietary studies by cold remedy manufacturers. *See id.*

[5] The FAC refers to and relies on the Macknin Study and Turner Study, thus incorporating them by reference. We attach them here as Exhibits 1 & 2, respectively.

are ineffective. *Critically, these studies themselves note that the efficacy of zinc lozenges depends on factors such as zinc dosage and zinc ion availability.* Ex. 1 at 5-6; Ex. 2 at 6. Yet neither study tested any of the Zicam Products or even a non-Zicam product with the same zinc formulation and overall composition.[6] Thus, no matter their outcome, the Non-Zicam Studies cannot support Plaintiff's conclusory allegation that the Zicam Products are no more effective than a placebo.

Plaintiff also misrepresents the Non-Zicam Studies as evidencing that no zinc product could provide the cold remedy benefits advertised for the Zicam Products. FAC ¶ 23. *In fact, the Macknin Study says the opposite, noting that previous studies have "show[n] that zinc had a beneficial clinical effect" as a cold remedy.* Ex. 1 at 1. The Macknin Study theorized that "the dosage in our current study may have been too low" to achieve such benefits and noted that more research was therefore needed. *Id.* at 5-6. In other words, the Macknin Study did not conclude all zinc lozenges are ineffective; it concluded certain (non-Zicam) zinc lozenges were not shown to be effective under certain circumstances, while acknowledging that under other circumstances (e.g., with higher doses or different formulations) certain zinc lozenges were proven to provide a cold-related benefit.

Plaintiff also mischaracterizes the Turner Study, claiming it "found that zinc lozenges 'had no effect on the duration or severity of symptoms in either the experimental or natural study model.'" FAC ¶ 27, partially quoting the Turner Study. The full quote from the Turner Study is "*[z]inc acetate lozenges* had no effect on the duration or severity of symptoms in either the experimental or natural study model." Ex. 2 at 5 (emphasis added). Remarkably, *Plaintiff cut out the words "zinc acetate lozenges."* That omission is crucial because the Turner Study *also* found that "*[z]inc*

---

[6] As noted, the Zicam Products contain both zincum aceticum (also known as zinc acetate) and zincum gluconicum (also known as zinc gluconate). FAC ¶ 13. The Macknin Study, however, tested zinc gluconate lozenges that contain no zinc acetate. Ex. 1 at 1. Similarly, the Turner Study tested zinc acetate lozenges that contain no zinc gluconate on some subjects, and zinc gluconate lozenges that contain no zinc acetate on others, but did not test any combined zinc acetate/zinc gluconate lozenges. Ex. 2 at 1.

*gluconate* treatment led to a significant reduction in the median duration of symptoms in volunteers with experimentally induced rhinovirus colds." *Id.* (emphasis added).[7]

Plaintiff also relies on a statement supposedly attributable to "staff" from the Mayo Clinic that "the highest quality randomized trials generally show no benefit [from zinc treatment]." FAC ¶ 28. Plaintiff provides no name, no date, and no citation for that statement, and tellingly omits the Mayo Clinic's clear statement on its "Zinc" webpage that "[e]vidence suggests that if zinc lozenges or syrup is taken within 24 hours after cold symptoms start, the supplement *can help shorten the length of colds*."[8]

### C. Plaintiff Mischaracterizes this Court's Decision in *Melgar v. Zicam*

Plaintiff amended her pleading to add two paragraphs (FAC ¶¶ 30-31) that purportedly describe this Court's decision in *Melgar v. Zicam LLC*, 2016 WL 1267870 (E.D. Cal. Mar. 30, 2016). According to the FAC, in denying Zicam's Daubert motion, the Court found that "'[s]tatistical analysis performed in studies that Defendants conducted in 2007 and 2013' demonstrate that Defendant's products are 'no more effective than placebo.'" FAC ¶ 31, quoting out-of-context and out-of-order selected portions of *Melgar*, 2016 WL 1267870, at *7. Plaintiff mischaracterizes the decision.

---

[7] Despite Church & Dwight pointing out in its original motion to dismiss that Plaintiff's descriptions of the Non-Zicam Studies were incomplete and misleading, Plaintiff included the same allegations verbatim in the FAC. Notably, this is not the first time that Plaintiff's counsel has tried to disguise a lack-of-substantiation claim by "cherry-picking convenient portions" of a scientific document and omitting other portions contradicting their position. *See Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *5 (C.D. Cal. Feb. 21, 2013) ("Plaintiff has obviously cherry-picked all of the most negative language from the Monograph that could potentially support her claims, and has ignored the fact that the Monograph considers, as surely most reputable scientific writings do, the evidence and studies supporting both positions as to the hypothesis of whether prebiotics have any healthful effect").

[8] Mayo Clinic Staff, *Zinc*, Mayo Clinic (Nov. 17, 2020), https://www.mayoclinic.org/drugs-supplements-zinc/art-20366112 (emphasis added). The FAC incorporates by reference the Mayo Clinic's statements about zinc cold remedies. FAC ¶ 28. In the alternative, the Court may take judicial notice of a website's contents. *E.g.*, *Brooks v. Y.Y.G.M. SA*, 2021 WL 5450232, at *2 (E.D. Cal., Nov. 22, 2021) ("Websites and their contents are proper subjects for judicial notice").

The Court did *not* find that any study has shown that the Zicam Products are "no more effective than placebo." That is just what the *Melgar* plaintiff's purported experts *opined* in that case. But the Court never concluded those opinions were correct. Instead, the Court merely held those proffered experts' opinions should not be *excluded*, despite noting their "lack of direct experience" with cold remedies and that Zicam had made "several legitimate criticisms" of their testimony that "may be impeachable." *Id.* at *8. Thus, the Court's decision in *Melgar* merely reflects an evidentiary decision to permit another plaintiff's purported experts in another case to opine on the effectiveness of certain Zicam products.[9]

In *Melgar*, there were *no findings* that the Zicam Products were ineffective or not able to perform as advertised. Indeed, the parties settled without any admission of liability and without requiring any changes to Zicam's advertising. The plaintiff and her counsel—the same counsel who brought this case—argued this settlement was fair, reasonable and adequate. *Melgar v. Zicam LLC*, 2:14-cv-00160, Dkt. 201 (E.D. Cal.).

## III. ARGUMENT

### A. The FAC Should Be Dismissed under Rule 12(b)(6)

#### *1. Rule 12(b)(6) Standard*

A complaint must be dismissed under Rule 12(b)(6) if it fails to state a cognizable legal theory, or to allege sufficient facts to support a legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), or if it does not offer enough facts to state a plausible claim for relief, *Bell Atl. v. Twombly*, 550 U.S. 544, 558-59 (2007). A claim is implausible "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Only after the complaint has been "[t]rimmed of 'legal conclusions' and 'threadbare recitals of a cause of action'" does the court

[9] The FAC does not mention the Court's denial of Zicam's summary judgment motion, but that decision likewise centered on the existence of competing testimony from the experts retained in that case by the parties. *Melgar*, 2016 WL 1267870, at *10.

determine whether it "contains sufficient factual allegations to state a plausible entitlement to relief." *Eclectic Props. E. v. Marcus & Millichap*, 751 F.3d 990, 998 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Because Plaintiff accuses Church & Dwight of engaging in "fraudulent" conduct (e.g., FAC ¶ 109), and conduct sounding in fraud, the FAC is subject to Rule 9(b)'s heightened pleading requirements. *See, e.g.*, *Kearns v. Ford Motor*, 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA claims).

### 2. *Plaintiff's Lack-of-Substantiation Claims Fail as a Matter of Law*

While the FAC expressly alleges "Defendant lacks scientifically valid substantiation" for the Zicam Cold Reduction Statements, it also insists Plaintiff is *not* suing on a lack-of-substantiation theory. FAC ¶ 32. The FAC recites such words because Plaintiff's counsel knows that, under binding Ninth Circuit precedent, only prosecuting authorities, like the Attorney General, may challenge advertising statements on the ground they are unsubstantiated. Private litigants, including consumers, must plausibly allege, and ultimately prove, that challenged advertising is false or misleading. *Kwan v. Sanmedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). Of course, incanting the magic words that "this is not a lack-of-substantiation case" does not make it so; otherwise, any plaintiff could circumvent *Kwan* by the simple act of a keystroke. What matters is that, as discussed below, Plaintiff pleads no factual allegations supporting a plausible inference that the challenged Zicam Cold Reduction Statements are *false*.[10]

[10] Nor can Plaintiff so allege as there is strong scientific support for the Zicam Cold Reduction Statements.

### i. *Plaintiff's Anecdotal Personal Experience Does Not (And Cannot) Support a Plausible Inference that the Zicam Cold Reduction Statements are False*

Plaintiff claims she "used the entire package of Zicam RapidMelts® as directed but did not obtain the advertised relief from cold symptoms, nor any benefits, from using the Product." FAC ¶ 38. But Plaintiff alleges no factual basis for this conclusion. Presumably, she no longer has the "cold" she tried to treat with a Zicam Product, so how does she know that the product did not shorten it or reduce the severity of her symptoms? The FAC does not say. That's because Plaintiff has no idea how long her purported cold would have lasted had she not taken the Zicam Product. Indeed, the FAC does not even say what symptoms Plaintiff had and how long they lasted. Nor does the FAC explain why Plaintiff believes she had a "cold," rather than allergies or COVID or some other illness or infection with cold-like symptoms for which she would not have reasonably expected to see any benefit from using a Zicam Product. Thus, paragraph 38 of the FAC is the quintessential "legal conclusion couched as a factual allegation" that the Court should disregard before assessing whether Plaintiff has stated a claim for relief. *Iqbal*, 556 U.S. at 678.[11]

Courts have rejected similar anecdotal allegations as inadequate to state a false advertising claim. For example, in *Tubbs v. AdvoCare Int'l, LP*, the plaintiffs alleged they "realized none of the alleged benefits" of the defendant's energy and weight-loss products. 2017 WL 4022397, at *6 (C.D. Cal. Sept. 12, 2017). The court rejected those "[c]onclusory statements" as being "insufficient at the pleading stage." *Id.* Similarly, in *Eckler v. Wal-Mart Stores, Inc.*, the court found inadequate the plaintiff's allegations that the defendant's joint supplement "did not rebuild her cartilage, lubricate her joints or improve her joint comfort as represented." 2012 WL 5382218, at *3, n.2 (S.D. Cal. Nov. 1, 2012). The court explained that, in cases involving such products, "it's really only scientific testing that can show a supplement's claims to truly be false and/or

[11] Church & Dwight's original motion to dismiss pointed out the problems with Plaintiff's conclusory allegation that the Zicam Product did not work for her, yet she added no new allegations about her supposed experience with the product in the FAC.

misleading." *Id.* Thus, Plaintiff's speculative self-assessment that a Zicam Product failed to remedy her purported cold does not plausibly support her claim that the Zicam Cold Reduction Statements are false.

#### *ii. Allegations About Non-Zicam Products Do Not Support a Plausible Inference that the Zicam Cold Reduction Statements are False*

A scientific study plausibly suggests the defendant's product does not perform as advertised only if it (i) tested the defendant's product itself and showed it was ineffective, or (ii) proved the advertised benefits are scientifically impossible to achieve for any product with the ingredients in the defendant's product. *See Kwan*, 854 F.3d at 1091-92. *See also, e.g.*, *Tubbs*, 2017 WL 4022397, at *6 ("Courts have previously found a reliance on studies that did not involve the products at issue to be insufficient in similar cases"); *Engel v. Novex Biotech LLC*, 2015 WL 846777, at *4 (N.D. Cal. Feb. 25, 2015) ("Plaintiff still does not allege that a study exists showing that these benefits are categorically impossible to achieve, or that one or more authorities studied or tested Growth Factor–9's formula and found that it does not produce the results Defendants claim"), *aff'd*, 689 F. App'x 510 (9th Cir. 2017); *Dabish v. MusclePharm Corp.*, 2016 U.S. Dist. LEXIS 191885, at *26 (S.D. Cal. Sep. 26, 2016) ("[T]he studies cited in the FAC, all of which solely address the efficacy of Creatine Monohydrate, [were] no more relevant to demonstrating the falsity of statements about the efficacy of Creatine Nitrate than studies about the health benefits of apples would be relevant to demonstrating the falsity of statements about the health benefits of oranges"); *Otto v. Abbott Laboratories, Inc.*, 2013 WL 12132064, at *6 (C.D. Cal. Mar. 15, 2013) ("[N]one of the articles [plaintiff cited] are apposite as they fail to test the precise combination of ingredients in the Products"), *aff'd*, 706 F. App'x 349, 350 (9th Cir. 2017); *Eckler*, 2012 WL 5382218, at *6 ("The first problem for Eckler, as Wal–Mart points out, is that none of these studies actually involved Equate").[12]

[12] In contrast, in *Racies v. Quincy Bioscience LLC*, certain false advertising allegations survived dismissal because the plaintiff plausibly alleged the digestive system destroys the product's key ingredient, making it scientifically *impossible* for the

Indeed, in *Yamasaki*, the complaint referenced several studies—including the Turner Study relied on by Plaintiff here—that supposedly failed to find a cold shortening benefit for certain *non-Zicam* zinc cold remedies. But as the court explained in its decision dismissing the complaint, "Plaintiff [did] not identify any studies in which *Defendant's products* were evaluated," so she lacked a plausible basis to allege that the challenged Zicam advertising was false, rather than merely unsubstantiated. *Yamasaki*, 2021 WL 4951435, at *4 (emphasis added).

Here, as in *Yamasaki*, Plaintiff does not (and cannot) allege any of the Non-Zicam Studies involved testing of a Zicam Product. Thus, even if the Non-Zicam Studies had shown that certain *other* zinc cold remedy products with different formulations from the Zicam Products are ineffective, that would not support Plaintiff's allegation that the Zicam Cold Reduction Statements *about the Zicam Products* are false.

And while the Court need not reach this point to dismiss the FAC, the Non-Zicam Studies, which the FAC incorporates by reference, actually concede that some zinc-containing products have been shown to be effective cold remedies. *See supra* § II.B. On a motion to dismiss, the Court need not accept as true Plaintiff's mischaracterization of her cited studies when those studies in fact contradict her "falsity" allegation. *See, e.g.*, *Otto*, 706 F. App'x at 350; *Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *6 (S.D.N.Y. Mar. 24, 2022). *See also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[Courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"). Thus, for all of the above reasons, the Non-Zicam Studies do not support a plausible allegation that zinc-containing products in general, or the Zicam Products in particular, cannot shorten colds or reduce cold symptom severity.

---

ingredient to reach the brain and affect memory. 2015 WL 2398268, at *4 (N.D. Cal. May 19, 2015). Similarly, in *Chavez v. Nestle USA, Inc.*, the plaintiffs stated a falsity claim by plausibly alleging that "to obtain enough DHA from the Juicy Juice to promote potential brain development, young children need to consume an impractical and extremely high quantity of juice—more than a bottle's worth each day." 511 F. App'x 606, 607 (9th Cir. 2013). Plaintiff makes no such allegations here.

Plaintiff also claims the Zicam Cold Reduction Statements are false because the Mayo Clinic supposedly "includes zinc in a long list of ineffective cold remedies" and has allegedly stated that "the highest quality randomized trials generally show no benefit [from zinc treatment]." FAC ¶ 28 (lacking any citation or attribution). This allegation is vague and unsupported, flouting Rule 9(b). Moreover, as with Plaintiff's allegations about the Non-Zicam Studies (*see supra* at pp. 11-12), the alleged Mayo Clinic statements are not tied to the Zicam Products themselves and therefore could not support Plaintiff's conclusion that the Zicam Products are ineffective. *See Aloudi v. Intramedic Rsch. Grp., LLC*, 2015 WL 4148381, at *5 (N.D. Cal. July 9, 2015) ("general statements" about caffeine supplements being ineffective for weight loss were "not tied to the Product or Defendant's specific representations about the Product" and thus did not support the plaintiff's falsity allegation).

And while the Court need not reach this point to dismiss the FAC, Plaintiff mischaracterizes the Mayo Clinic's position on zinc. According to the Mayo Clinic, "[e]vidence suggests that if zinc lozenges or syrup is taken within 24 hours after cold symptoms start, *the supplement can help shorten the length of colds*."[13] Another Mayo Clinic article states that "[r]ecently an analysis of several studies showed that zinc lozenges or syrup *reduced the length of a cold by one day*, especially when taken within 24 hours of the first signs and symptoms of a cold."[14] Thus, Plaintiff's reliance on statements from the Mayo Clinic backfires, as those statements refute her claims.

*iii. Plaintiff's Reliance on a Daubert Ruling in Melgar v. Zicam Does Not Support A Plausible Allegation that the Zicam Cold Reduction Statements are False*

As explained above, the *Daubert* decision in *Melgar* cited by the FAC did not conclude or make any finding that the Zicam Cold Reduction Statements are false. To

---

[13] Mayo Clinic Staff, *Zinc*, Mayo Clinic (Nov. 17, 2020), https://www.mayoclinic.org/drugs-supplements-zinc/art-20366112 (emphasis added).

[14] Dana Sparks, *Zinc and colds: What's the final answer?*, Mayo Clinic (Sept. 11, 2020) https://newsnetwork.mayoclinic.org/discussion/zinc-and-colds-whats-the-final-answer/ (emphasis added).

state a claim, Plaintiff must plausibly allege her own factual basis for claiming those statements are false, not just unsupported. It is well established, however, that "a plaintiff's reliance on a lack of scientific evidence ***or inconclusive, rather than contradictory***, evidence is not sufficient to state a claim" that a product is ineffective and thus falsely advertised. *Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013) (emphasis added).

In *Bronson*, the plaintiffs alleged the "Splenda Essentials with Fiber" label was misleading because it claimed the product contains "healthy fiber" but failed to differentiate between refined and whole fiber. *Id.* at *1, 5. But the FAC merely alleged "there is no scientific consensus that refined fibers function like intact fibers" and that "research is inconclusive about the physiological benefits of refined, processed fiber." *Id.* at *8. The court properly characterized those as lack-of-substantiation allegations and therefore dismissed the FAC. *Id.*

Other courts to consider similar allegations have found they fail to state a claim. Pointing to inconclusive studies or evidence that the science is unsettled does not support a plausible inference that a product fails to perform as advertised. It merely supports an inference that the defendant's advertising *may* be *unsubstantiated*. *See Otto*, 2013 WL 12132064, at *4 ("Thus, at best, the Wilson article implies that, as of 2008, the state of research was inconclusive as to the benefits of HMB without exercise. However, this does not plausibly suggest that Defendant's representation is false or misleading."); *Yacu v. All Am. Pharm. & Nat. Foods Inc.*, 2013 WL 12324400, at *7 (C.D. Cal. July 24, 2013) ("The fact that the FAC cites some studies that have found no water retention associated with creatine monohydrate, but also cites one study that ***did*** find water retention, suggests at most that the research on this particular downside is inconclusive or unsubstantiated") (emphasis in original); *Cohen v. Ainsworth Pet Nutrition, LLC*, 2021 U.S. Dist. LEXIS 15923, at *10-11 (C.D. Cal. Jan. 21, 2021) ("Plaintiff fail[ed] to plead facts above the speculative level supporting her conclusion that Defendants' products are nutritionally deficient" because "Plaintiff

acknowledge[d] a lack of scientific consensus on whether taurine supplementation is necessary or even advisable for dogs on a diet of grain-free dog food"). Similarly, in *Yamasaki*, the court rejected the argument that Zicam's advertising is false absent a "scientific consensus" that its products are effective. 2021 WL 4951435, at *5.

Here, Plaintiff does not and cannot allege facts tending to show that zinc products in general, or the Zicam Products in particular, are ineffective cold remedies. Plaintiff instead asks the Court to circumvent *Kwan* and its progeny by referencing an evidentiary decision that made no finding that the Zicam Products are ineffective. Indeed, contrary to what the FAC claims, the Court did *not* find in *Melgar* that "'[s]tatistical analysis performed in studies that Defendants conducted in 2007 and 2013' demonstrate that Defendant's products are 'no more effective than placebo.'" FAC ¶ 31. Rather, two purported experts proffered by the plaintiff in that case *so opined*, and the Court declined to exclude their opinions on a Daubert motion. *Melgar*, 2016 WL 1267870, at *7. In other words, *Melgar* merely reflects that two purported experts retained for litigation by another plaintiff in another case once held a view that differed from Zicam's experts. *Cf. Melgar*, 2:14-cv-00160, Dkt. 30-5 & 30-6 (E.D. Cal.) (Zicam's experts opining that products *are* effective cold remedies). At most, Plaintiff's allegations convey "inconclusive" findings, which are insufficient to survive dismissal. *See Bronson*, 2013 WL 1629191, at *8. Further, the FAC does not allege *any* experts *today* hold the opinions expressed years ago in *Melgar*. Thus, the *Melgar* decision does not support Plaintiff's conclusory "falsity" assertion in the FAC.

And while *Melgar* did not determine on the merits whether the challenged Zicam advertising was supported, the case ultimately settled ***with no changes to Zicam's advertising***. The plaintiff in *Melgar* and her counsel—the same counsel who brought this case—were adamant that the settlement was fair and reasonable in light of the evidence Zicam presented. Thus, if any inference were to be drawn from *Melgar*, it should be that the totality of the evidence in the case showed that the Zicam Products are effective cold remedies.

Beyond the FAC's lack of plausibility, its allegations about *Melgar* also fail under Rule 9(b). At the pleading stage, a plaintiff cannot merely allude to evidence that supposedly shows a defendant's advertising's is false, but must describe it with particularity. *See Route*, 2013 WL 658251, at *5 ("California law simply does not permit" a plaintiff to plead a false advertising claim based on allegations that "unidentified experts and studies have shown that the advertisement's claims are false"); *Strategic Partners, Inc. v. FIGS, Inc.*, 2019 WL 12435672, at *7 (C.D. Cal. Aug. 19, 2019) (rejecting attempt to circumvent the lack-of-substantiation bar with vague references to testing because plaintiff "[did] not allege what the tests consist of, who conducted them, when they were performed, or the results that they produced (except to say that [defendant's] statements are 'false.')"); *Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (S.D.N.Y. 2015) (dismissing California CLRA, FAL and UCL claims for false advertising of a dietary supplement because "plaintiffs [did] not provide the actual studies" based on which a third party had asserted the supplement was ineffective; "these unsupported statements [did] nothing to support the plausibility of plaintiffs' claim or the particularity standard required under Rule 9(b)").

*iv. Plaintiff's Failure to State a Claim Cannot be Rectified Through Further Amendment, So The FAC Should be Dismissed With Prejudice*

A motion to dismiss should be granted with prejudice where amendment would be futile. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010). As discussed above, Plaintiff has not plausibly alleged, let alone with particularity, that any of the Zicam Cold Reduction Statements are false—not even on her second try. Instead, Plaintiff improperly relies on a lack-of-substantiation theory that California law and Ninth Circuit precedent squarely preclude, while trying to conceal that with irrelevant allegations about non-Zicam products and mischaracterizations of studies, articles, and this Court's evidentiary ruling in *Melgar*. All of Plaintiff's claims therefore fail as a matter of law.

What's more, Plaintiff's allegations demonstrate that she *cannot* state a claim. As discussed, the studies and articles the FAC cites, and thus incorporates by reference, make clear *there is scientific evidence* that zinc products *are effective*. *See supra* II.B.[15] Given this evidence, which the FAC incorporates, Plaintiff cannot possibly allege that the Zicam Cold Reduction Statements are false. The most Plaintiff can allege is that the science is mixed and the challenged statements are inconclusive or unsubstantiated. As discussed, that does not state a claim for false advertising, so further amendment would be futile and dismissal should be with prejudice.

### *3. The FAC Also Fails to State a Claim for Equitable Relief*

Under Ninth Circuit law, a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of restitution claims because the plaintiff requested money damages and "fail[ed] to explain how the same amount of money for the exact same harm is inadequate or incomplete"). The same goes for injunctive relief claims. *See, e.g.*, *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018); *In re MacBook Keyboard Litigation*, 2020 WL 6047253, at *3 (N.D. Cal., Oct. 13, 2020) ("This Court agrees with our fellow courts that under *Sonner*, Plaintiffs are required to allege that they lack an adequate remedy at law in order to seek injunctive relief.").

While Plaintiff asserts that "[p]utative class members lack an adequate remedy at law" (FAC ¶ 128), she seeks monetary damages (FAC, Prayer for Relief ¶ C) and fails to explain why such an award would not remedy her supposed injury. Thus, for this independent reason, the Court should dismiss Plaintiff's claims for equitable relief,

[15] This evidence includes the Macknin Study's observation that clinical studies have "show[n] that zinc had a beneficial effect" as a cold remedy (Ex. 1 at 1), the Turner Study's finding that "[z]inc gluconate treatment led to a significant reduction in the median duration of symptoms in volunteers with experimentally induced rhinovirus colds" (Ex. 2 at 5), and the Mayo Clinic's statement that "[e]vidence suggests that if zinc lozenges or syrup is taken within 24 hours after cold symptoms start, the supplement can help shorten the length of colds." Mayo Clinic Staff, *Zinc*, Mayo Clinic (Nov. 17, 2020), https://www.mayoclinic.org/drugs-supplements-zinc/art-20366112.

including her FAL and UCL claims in their entirety. *See Sonner*, 971 F.3d at 839, n.2 ("[C]auses of action established by the UCL are equitable in nature") (quotations and citation omitted); *Nationwide Biweekly Administration, Inc. v. Superior Court of Alameda Cnty.*, 9 Cal.5th 279, 292 (2020) ("[W]e conclude that the causes of action established by the UCL and the FAL at issue here are equitable in nature").

**B. The FAC Should Be Dismissed under Rule 12(b)(1)**

***1. Rule 12(b)(1) Standard***

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction to hear the plaintiff's claims. If a plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007). To establish Article III standing, a plaintiff must show that she: (1) has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth v. Laidlaw Env't. Servs. (TOC)*, 528 U.S. 167, 180-81 (2000). Standing is a threshold question, and plaintiff bears the burden of establishing it. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

***2. Plaintiff Lacks Standing to Sue Under the Laws of States Other Than California***

On top of her California law claims, Plaintiff purports to bring claims under the laws of Delaware, the District of Columbia, Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia. FAC ¶ 44. But Plaintiff alleges she "is and was at all times relevant to this complaint domiciled in California" (*id.* ¶ 7), including when she "purchased Zicam RapidMelts® from a Right-Aid [sic] store in or near Roseville, California" in 2021 (*id.* ¶ 35). Plaintiff does not allege she has ever relied on any Zicam-related advertising or bought a Zicam Product in any state other than California. Plaintiff has thus alleged no basis for standing to bring her non-California claims and

these claims should be dismissed under Rule 12(b)(1). *See, e.g.*, *Morales v. Unilever U.S., Inc.*, 2014 WL 1389613, at *5 (E.D. Cal. Apr. 9, 2014) ("Because neither Morales nor Cohen is a resident of any state other than California or Massachusetts, respectively, and did not purchase defendant's products in any state but her own, plaintiffs do not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint") (quotation and citation omitted); *Quynh Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *13 (N.D. Cal. June 2, 2021) (holding that plaintiff, who alleged no involvement with the non-California states for which plaintiff asserted claims, "cannot represent unnamed class members in states outside of California").

#### ***3. Plaintiff Lacks Standing to Seek Injunctive Relief***

To have injunctive relief standing, a plaintiff must allege an imminent or actual threat of future injury. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018). A plaintiff who learns of alleged false advertising and thus is not at risk of being deceived by it again lacks such standing. *See, e.g.*, *Cimoli v. Alacer Corp.*, 2021 WL 2711770, at *7 (N.D. Cal. July 1, 2021) ("Because Plaintiff knows that he can determine the Products' dosages by consulting the back labels, Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm"); *Rahman v. Mott's LLP*, 2018 WL 4585024, at *3 (N.D. Cal. Sept. 25, 2018) ("Unlike *Davidson*, where a consumer's inability to rely on packaging misrepresentations in the future was an ongoing injury, Rahman is able to rely on the packaging now that he understands the 'No Sugar Added' label"); *Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875, 881 (C.D. Cal. 2020) ("Because Plaintiff is now aware of how many pouches the challenged products contain, there is not a sufficient likelihood that he will suffer economic injury by purchasing these products in the future").

Plaintiff's conclusory assertion that she would buy the Zicam Products in the future "if the products were more than just a placebo, and in fact reduced the severity and duration of the common cold" (FAC ¶ 41), does not establish a risk of future harm. After all, Plaintiff maintains that *all* "zinc lozenges are no more effective than a

placebo." *Id.* ¶ 23. Given Plaintiff's stance on this subject, her allegation that the Zicam Products, which are zinc-based oral cold remedies (including lozenges), might somehow be "improved" in a way that she would desire to purchase them (*id.* ¶ 41) is facially implausible. Thus, there is no risk that the Zicam Cold Reduction Claims could deceive Plaintiff again in the future and she lacks standing to seek injunctive relief.

Indeed, in *Yamasaki*, on top of finding the plaintiff failed to state a claim, the court also found the plaintiff lacked injunctive relief standing even though she alleged she "has an intention to purchase the Zicam Products in the future if the Zicam Products are truthfully labeled and not misleading, and are actually clinically proven to shorten colds." 2021 WL 4951435, at *4. As the court explained, in words that apply here, such a "generic statement, on its own, does not establish a risk of future harm." *Id.*

## IV. CONCLUSION

For the above reasons, the Court should dismiss the entire FAC with prejudice.

Dated: May 23, 2022

Respectfully submitted,

PROSKAUER ROSE LLP

By: */s/ Jennifer L. Roche*
Jennifer L. Roche

Bart H. Williams (SBN 134009)
Jennifer L. Roche (SBN 254538)
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
T: (310) 557-2900
F: (310) 557-2193
bwilliams@proskauer.com
jroche@proskauer.com

Baldassare Vinti*
Jeffrey H. Warshafsky*
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
T: (212) 969-3000
F: (212)969-2900
bvinti@proskauer.com
jwarshafsky@proskauer.com

*Admitted *Pro Hac Vice*

*Attorneys for Defendant Church & Dwight, Co., Inc.*