UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARI VANCE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.,<br><br>Defendant. | No. 2:22-cv-00044-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Through this class action, Plaintiff Shari Vance ("Plaintiff"), individually and on behalf of all others similarly situated, seeks relief from Defendant Church & Dwight Co., Inc. ("Defendant") arising from the labeling and sale of Zicam Pre-Cold Products. See First Am. Compl., ECF No. 20 ("FAC"). Plaintiff's FAC lists the following causes of action: (1) breach of express warranty; (2) breach of implied warranty of merchantability; (3) breach of implied warranty of fitness for a particular purpose; (4) violation of California's Consumer Legal Remedies Act, California Civil Code §§ 1750 et seq. ("CLRA"); (5) violation of California's False Advertising Law, California Business and Professions Code §§ 17500 et seq. ("FAL"); (6) violation of the "unlawful prong" of California's Unfair Competition Law, id. §§ 17200 et seq. ("UCL"); (7) violation of the "fraudulent prong" of the UCL; (8) violation of the "unfair prong" of the UCL; and

1

(9) unjust enrichment. See FAC, at 14–24. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's FAC, ECF No. 30, which has been fully briefed. ECF Nos. 31 ("Def.'s Mem."), 33 ("Pl.'s Opp'n"), 34. For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.[1]

## BACKGROUND[2]

### A.   General Allegations Relating to Zicam Pre-Cold Products[3]

The Zicam Pre-Cold Products at issue here include Zicam brand Original RapidMelts, Ultra RapidMelts, Oral Mist, Wild Cherry Lozenges, Medicated Fruit Drops, Elderberry Citrus RapidMelts, and Elderberry Medicated Fruit Drops, all of which are allegedly substantially similar as they each claim to be homeopathic remedies with the active ingredients zincum aceticum and zincum gluconicum. The Pre-Cold Products include the same statements on the product packaging, specifically that each product (1) "reduces duration of the common cold," and reduces the severity of cold symptoms, sore throat, stuffy nose, sneezing, coughing, and nasal congestion; (2) is a "COLD REMEDY" that "SHORTENS COLDS"; and (3) is a "PRE-COLD MEDICINE" that users should "TAKE AT THE FIRST SIGN OF A COLD." Furthermore, each Pre-Cold Product instructs users to "use at the first sign of a cold and continue to use until symptoms completely subside."[4] Plaintiff alleges that the Zicam Cold Reduction Statements are misrepresentations that have the tendency or capacity to deceive or confuse reasonable

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

[2] The following recitation of facts is taken, primarily verbatim, from Plaintiff's FAC.

[3] According to Defendant, it "acquired Zicam in late 2020." Def.'s Mem., at 8; see FAC ¶ 8 ("During part of the class period, Zicam Pre-Cold Products were made, marketed, and distributed by Matrixx Initiatives, Inc., and its wholly owned subsidiary Zicam LLC. However, Defendant . . . claims that it is the 'successor company, by way of merger . . .'").

[4] The foregoing statements shall collectively be referred to as the "Zicam Cold Reduction Statements." See Def.'s Mem., at 9.

consumers into believing that the Zicam Pre-Cold Products will reduce the duration and severity of the common cold, or otherwise provide medicinal benefits with respect to colds, when in fact, they are no more effective than a placebo.

According to the FAC, studies show that zinc lozenges are no more effective than a placebo. In 2007, professors from the Stanford and University of Virginia Schools of Medicine conducted a review of studies that examined the efficacy of zinc lozenges, nasal sprays, and nasal gels as treatments for the common cold, and evaluated the zinc studies against eleven predetermined criteria necessary for a valid experimental design. This review purportedly found that only two of the examined zinc lozenge studies met all eleven criteria: the Macknin Study published in 1998 and the Turner Study in 2000. Both studies allegedly reported that zinc lozenges have no effect on the symptom severity and duration of the common cold. Furthermore, Plaintiff alleges that, in a consumer guide to effective cold treatments, the Mayo Clinic includes zinc in a long list of ineffective cold remedies. The FAC also states the following:

> Although Defendant lacks scientifically valid substantiation for the claims that Zicam Pre-Cold Products prevent or mitigate cold symptoms, that is not the basis for the claims alleged here. Instead, the crux of this case is that—irrespective of Defendant's lack of substantiation—the labeling statements at issue here are affirmatively false or misleading, or otherwise have the capacity to deceive or confuse reasonable consumers. In other words, Plaintiff is not arguing that Defendant has the burden to prove that its products are effective or that it must conduct tests showing its products are effective; instead, Plaintiff argues that she can affirmatively prove that Defendant's products are no more effective than a placebo. The reason is that, contrary to the labeling:
>
> - Zicam Pre-Cold Products are not a "Cold Remedy" and do not "Shorten[] Colds."
>
> - Zicam Pre-Cold Products do not "reduce[] [the] duration of the common cold" and do not "reduce[] [the] severity of cold symptoms."
>
> - Zicam Pre-Cold Products are not "medicine."
>
> - Taking Zicam Pre-Cold products "at the first sign of a cold" has no beneficial effect on the duration or severity of cold symptoms.

3

- Zicam Products are no more effective than a placebo.

FAC ¶ 32 (alterations in original).

### B.  Plaintiff's Purchase of a Pre-Cold Product

In approximately mid-June or early July 2021, Plaintiff was specifically looking for a product that would help reduce the duration or severity of her cold symptoms and subsequently purchased Zicam RapidMelts[5] from a Rite Aid store in or near Roseville, California.  After a careful reading of the label on the product packaging, Plaintiff allegedly relied upon the Zicam Cold Reduction Statements provided on the RapidMelts' label in addition to the statement that taking it would help her "go from pre-cold to no cold faster."  According to Plaintiff, she used the entire package of RapidMelts as directed but did not obtain the advertised relief from cold symptoms, nor any benefits.  To the best of her recollection, Plaintiff purchased RapidMelts for approximately $12, which was purportedly more expensive than other cold remedies available at the store; however, the aforementioned statements on the product packaging persuaded her to spend more on RapidMelts than on the other alternative cold remedies.

### STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[6] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

---

[5] The FAC does not specify whether Plaintiff purchased Original RapidMelts, Ultra RapidMelts, or Elderberry Citrus RapidMelts.  Plaintiff also does not allege that she purchased any of the other Zicam Pre-Cold Products.

[6] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

4

47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

5

be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendant moves to dismiss the FAC on the following grounds: (1) Plaintiff's lack-of-substantiation claims fail as a matter of law; (2) Plaintiff fails to state claims for equitable restitution and unjust enrichment; (3) Plaintiff lacks standing to seek injunctive relief; and (4) Plaintiff lacks standing to sue under the laws of states other than California. The Court will address each of Defendant's contentions in turn.

### A. Adequacy of Pleadings

Defendant first contends that because Plaintiff's claims are based on an alleged lack of substantiation for the Zicam Cold Reduction Statements, her claims are barred under Ninth Circuit precedent. See Def.'s Mem., at 14. "[I]t is well-settled under California law that private litigants may not bring claims pursuant to state consumer protection laws that are premised on alleged lack of substantiation." Tubbs v. AdvoCare Int'l, LP, No. CV 17-4454 PSG (AJWx), 2017 WL 4022397, at *5 (C.D. Cal. Sept. 12, 2017) (citing Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1345 (2003)). The Ninth Circuit has affirmed this principle. Kwan v. SanMedica Int'l, 854 F.3d 1088, 1091 (9th Cir. 2017) (holding that "California law does not provide for a private cause of action to enforce the substantiation requirements of

6

California's unfair competition and consumer protection laws."). Instead, "private citizens bringing suit under the UCL or CLRA [must] properly allege proof that plaintiffs sustained injury from relying on marketing statements that were actually false." Id. at 1095; see Tubbs, 2017 WL 4022397, at *7 ("Under California law, claims premised on false advertising . . . must be based on an allegation that a defendant's representations were false, not merely unsubstantiated.").[7]

Here, Plaintiff alleges that the Zicam Cold Reduction Statements are false because the Zicam Pre-Cold Products are no more effective than a placebo. See FAC ¶¶ 1–4, 20. In other words, Plaintiff claims that the Zicam Pre-Cold Products do nothing. When presented with an identical allegation, this Court previously determined that the plaintiff was not alleging a lack of substantiation. See Melgar v. Zicam LLC, No. 2:14-cv-00160-MCE-AC, 2016 WL 1267870, at *10 (E.D. Cal. Mar. 31, 2016) (denying, in part, defendants' motion for summary judgment "to the extent it mischaracterizes Plaintiff's therapeutic efficacy claim as an allegation of lack of substantiation"). Alleging that a product does nothing is different from alleging that the advertising claims are not based on credible scientific proof or were not clinically proven. Cf. Kwan, 854 F.3d at 1096 (alleging that "the 'clinically tested' representation, at a minimum, falsely implied that the marketing claims of [the product's] health benefits were clinically proven by credible scientific proof" and "that the claims that growth hormone levels are associated with certain health benefits . . . falsely imply that defendant's product claims were based on credible scientific proof."); Yamasaki v. Zicam LLC, No. 21-cv-02596-HSG, 2021 WL 4951435, at *3 (N.D. Cal. Oct. 25, 2021) ("Throughout the complaint, Plaintiff contends that the Zicam Products have never been clinically tested to determine whether they impact the duration of the common cold, and that there is no scientific support for the

---

[7] Plaintiff explicitly states in her FAC that a lack of scientifically valid substantiation for the Zicam Cold Reduction Statements is not the basis of the alleged claims. See FAC ¶ 32. However, the Court is not obligated to accept this conclusion as true and must instead look to the FAC as a whole to determine whether Plaintiff has set forth allegations that Defendant's advertising claims are false rather than scientifically unsubstantiated. See Bronson v. Johnson & Johnson, Inc., No. C 12-04184 CRB, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013).

7

claim that the Zicam Products are clinically proven to shorten colds.") (internal quotation marks omitted).

Nevertheless, Defendant argues that "Plaintiff pleads no factual allegations supporting a plausible inference that the challenged Zicam Cold Reduction Statements are false." Def.'s Mem., at 14. "The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence." King Bio, 107 Cal. App. 4th at 1348. The Court finds that Plaintiff's alleged anecdotal experience is sufficient to state a claim. Plaintiff alleges when and where she purchased Zicam RapidMelts and that "at the time she was specifically looking for a product that would help her reduce the duration or severity of cold symptoms." FAC ¶¶ 35–36. Furthermore, she alleges that she purchased RapidMelts based upon the Zicam Cold Reduction Statements found on the product's label, that she "used the entire package of RapidMelts as directed but did not obtain the advertised relief from cold symptoms, nor any benefits, from using the product," and that she would not have purchased RapidMelts "had [she] known that they were not effective for treating and/or reducing cold symptoms and that the products were no more effective than a placebo." See id. ¶¶ 36–41.

Defendant asserts that Plaintiff did not include more specific allegations, such as what symptoms she had, how long they lasted, and how she knew she had a cold rather than allergies or COVID-19. See Def.'s Mem., at 15. However, it fails to cite any authority that such allegations are necessary to survive a Rule 12(b)(6) motion. See Tubbs, 2017 WL 4022397, at *6 (stating that "information regarding which products were consumed, when they were purchased, which representations were allegedly misleading, and how and why the benefits were unrealized might create a plausible inference that Defendant's representations were indeed false."). Accordingly, the Court finds that the FAC does not assert a lack of substantiation theory and that Plaintiff has adequately pleaded that the Zicam Cold Reduction Statements are false based on her

///

///

anecdotal experience. Defendant's Motion to Dismiss on these grounds is thus DENIED.[8]

### B. Equitable Relief: Restitution and Unjust Enrichment

Defendant also moves for dismissal of Plaintiff's claims for equitable restitution under the UCL and CLRA and unjust enrichment on grounds that Plaintiff must first allege she lacks an adequate remedy at law, but she failed to do so. Def.'s Mem., at 22–23 (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)). The Ninth Circuit has held that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." Sonner, 971 F.3d at 844. Plaintiff argues that Sonner is distinguishable because, on the eve of trial and after years of litigation, that plaintiff "voluntarily dismissed her sole state law damages claim and chose to proceed with only state law equitable claims for restitution and injunctive relief" to avoid a jury trial. See id. at 837; Pl.'s Opp'n, at 19. Numerous courts have recognized this distinction and limited Sonner's applicability at the pleading stage. See, e.g., Jeong v. Nexo Fin. LLC, No. 21-cv-02392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) ("The Court finds that Sonner has limited applicability to the pleading stage because it pertained to circumstances in which a plaintiff dropped all damages claims on the eve of trial."). However, the Ninth Circuit recently rejected this distinction and held that Sonner "applies to equitable UCL claims when there is a viable CLRA damages claim, regardless of whether the plaintiff has tried to avoid the bar to equitable jurisdiction through gamesmanship." Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022) ("Nothing in Sonner's reasoning suggested that its holding was limited to cases in which a party had voluntarily dismissed a damages claim to avoid a jury trial.").

Plaintiff next argues that "Rule 8 permits a plaintiff to pursue both equitable and legal remedies in the alternative, at least at the pleading stage." Pl.'s Opp'n, at 19.

---

[8] Because the Court finds Plaintiff has pleaded adequate anecdotal experience, it need not discuss whether the studies cited by Plaintiff in the FAC are also sufficient to state a claim for relief.

9


While this is correct, see Fed. R. Civ. P. 8(d)(2)–(3), Plaintiff must still allege that she lacks an adequate legal remedy. See Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-cv-01247-JLT-BAK (BAM), 2022 WL 1665220, at *7–9 (E.D. Cal. May 25, 2022). In seeking restitution under the CLRA and UCL, the FAC does not provide any allegation or explanation as to why legal remedies are inadequate. See FAC ¶¶ 89, 105, 113, 120 (only stating Plaintiff and/or the California class "seek all available relief under" the CLRA and UCL). Therefore, Plaintiff's claims for equitable restitution under the CLRA and UCL are DISMISSED with leave to amend.

However, the same cannot be said with Plaintiff's unjust enrichment claim. In the FAC, Plaintiff explicitly alleges that "[p]utative class members lack an adequate remedy at law with respect to this claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant obtained as a result of its unjust conduct." FAC ¶ 128. Unlike her UCL and CLRA claims, Plaintiff affirmatively alleges that there is no alternative legal remedy, and thus Sonner does not foreclose this claim. See In re Cal. Gasoline Spot Mkt. Antitrust Litig., No. 20-cv-03131-JSC, 2021 WL 1176645, at *8 (N.D. Cal. Mar. 29, 2021). Accordingly, Defendant's Motion to Dismiss the unjust enrichment claim on this basis is DENIED.

### C.     Injunctive Relief

Defendant next argues that Plaintiff not only fails to state a claim for injunctive relief but that she also lacks standing to seek injunctive relief. See Def.'s Mem., at 22–23, 24–25. Plaintiff "may pursue her equitable claims for injunctive relief to the extent they are premised on alleged future harm." Roper v. Big Heart Pet Brands, Inc., 510 F. Supp. 3d 903, 918 (E.D. Cal. 2020); see also Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 969 (9th Cir. 2018) ("We hold that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm.").

The FAC specifically alleges, in part, the following:

> Plaintiff regularly goes to stores where Zicam Pre-Cold Products are sold. Plaintiff would purchase Zicam Pre-Cold Products again in the future if the products were more than just a placebo, and in fact reduced the severity and duration of the common cold. However, if that change were made, Plaintiff would have no way to know if the product labeling was in fact true. As a result, she may either refrain from purchasing Zicam Pre-Cold Products in the future or may purchase them <u>incorrectly</u> assuming that they have been improved and can reduce the duration or severity of colds.

FAC ¶ 41. The Court finds these allegations are sufficient. See Davidson, 889 F.3d at 969–70 (demonstrating a threat of future harm requires a plaintiff to make "plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.").

Nevertheless, Defendant contends that the above allegations are facially implausible because Plaintiff maintains that all zinc cold remedies are placebos or ineffective, see FAC ¶ 23, and thus "there is no risk that the Zicam Cold Reduction [Statements] could deceive Plaintiff again in the future . . ." Def.'s Mem., at 25. However, Plaintiff "believ[ing] the Product's current formulation and method of delivery does not work does not preclude the possibility of the Product being reworked to produce its advertised benefits." Pizana v. SanMedica Int'l LLC, No. 1:18-cv-00644-DAD-SKO, 2019 WL 4747947, at *11 (E.D. Cal. Sept. 30, 2019). Indeed, Plaintiff alleges that she would purchase Zicam Pre-Cold Products again if they in fact reduced the severity and duration of the common cold, or otherwise "function[] as advertised." See id. Construing the allegations in a light most favorable to Plaintiff, the Court finds that Plaintiff has adequately alleged a likelihood of future harm and thus Defendant's Motion to Dismiss Plaintiff's claims for injunctive relief is DENIED.

///

### D. Standing to Sue Under the Laws of Different States

Finally, Plaintiff "seeks to represent a ten-state express warranty subclass defined as all members of the Class who purchased mislabeled Zicam Pre-Cold Products in California, Delaware, [the District of Columbia], Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia." FAC ¶ 44. Defendant argues that Plaintiff lacks standing to bring claims under the laws of those states besides California because she "does not allege she has ever relied on any Zicam-related advertising or bought a Zicam Product in any state other than California." Def.'s Mot., at 23. Plaintiff counters that this is an issue relevant to class certification, not standing. See Pl.'s Opp'n, at 23–24.

District courts in this circuit are split on "whether a named plaintiff in a putative class action has standing to assert claims under the laws of states where the named plaintiff does not reside or was injured." Sultanis v. Champion Petfoods USA Inc., No. 21-cv-00162-EMC, 2021 WL 3373934, at *5 (N.D. Cal. Aug. 3, 2021). "On the one hand, most courts have held that plaintiffs can only bring claims on behalf of other consumers in states where they 'were injured or had any pertinent connection.'" Id. (collecting cases). "A growing minority of courts in this circuit have held, conversely, that whether a named plaintiff can represent class members whose claims arise under the laws of different states is not a standing question that needs to be decided at the motion to dismiss stage." Id. (collecting cases). Ultimately, the decision to address this issue on a motion to dismiss or defer until a motion for class certification "is left to the district court's discretion." Effinger v. Ancient Organics LLC, No. 22-cv-03596-RS, 2023 WL 2214168, at *6 (N.D. Cal. Feb. 24, 2023); see also McKinney v. Corsair Gaming, Inc., No. 22-cv-00312-CRB, 2022 WL 2820097, at *12 (N.D. Cal. July 19, 2022) (collecting cases).

This Court agrees with Plaintiff that the question of whether she can bring claims under the laws of non-California states is better suited for a motion for class certification. Plaintiff claims that she "chose ten states for the express warranty subclass because the express warranty laws of those states are sufficiently similar to support the

predominance requirement." Pl.'s Opp'n, at 23. Indeed, this Court previously approved the same multistate subclass in Melgar. See 2016 WL 1267870, at *2–7. Accordingly, Defendant's Motion to Dismiss on this ground is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 30, is GRANTED in part and DENIED in part. Plaintiff's claims for equitable restitution under the CLRA and UCL are DISMISSED with leave to amend. Otherwise, Defendant's Motion to Dismiss is DENIED. Not later than twenty (20) days from the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended pleading is timely filed, the claims dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties and this action will proceed on the remaining causes of action only.

IT IS SO ORDERED.

Dated:  March 29, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE